IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,993-01






EX PARTE ROLAND DAVID CASAREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM BEE COUNTY

IN CAUSE NO. B-04-2003-0-CR-B

IN THE 156TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus transmitted to this Court pursuant
to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the
offenses of burglary of a habitation and aggravated robbery, and he was sentenced to
confinement for five years on count one and for ten years on count two. Applicant's appeal
was dismissed. Casarez v. State, No. 13-04-00675-CR (Tex. App.--Corpus Christi,
delivered March 3, 2005, no pet.). 

 Applicant contends that trial counsel was ineffective for advising Applicant that the
terms of his plea agreement would not affect Applicant's prior notice of appeal. The trial
court has not entered findings of fact or conclusions of law. We believe that Applicant has
alleged facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or
interrogatories from counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel told Applicant that Applicant's plea agreement to withdraw notice
of appeal in cause number B-04-2003-0-CR-B would not be binding unless Applicant filed
a motion to withdraw notice of appeal. If the trial court determines that counsel said this to
Applicant, the trial court shall make findings of fact as to whether counsel was ineffective.
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1 DAY OF March, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.